IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ERNEST SOBEY,

    Petitioner,                   No. CIV-S-09-0657 KJM P

  vs.

J. HAVILAND,

    Respondent.               ORDER

_____/

        Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2006 Placer County conviction for robbery and the resulting sentence. The parties have consented to magistrate judge jurisdiction.

I. <u>Factual Background</u>

        On appeal, the California Court of Appeal summarized the facts underlying petitioner's conviction and the relevant trial court proceedings as follows:

> Defendant John Sobey went to a Safeway store, filled his shopping cart with groceries valued at over $1,600 and left the store without paying for those groceries. Store security confronted defendant in the parking lot. Defendant responded by pulling up his shirt, revealing a nine-millimeter handgun and saying, "'Here's your receipt.'"

/////

> Defendant pled guilty to robbery and admitted that he personally possessed a firearm. In exchange for that plea, defendant agreed to a stipulated sentence of five years on the robbery, and three years for the firearm possession, for an aggregate sentence of eight years.

Answer, Ex. A at 1.

II. Standard of Review

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein as "§ 2254(d)" or "AEDPA").[1] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

/////
/////
/////
/////
/////
/////
/////

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 118-20 (2007).

1    The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are
2 different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.  If the state court does not reach the merits of a particular claim, de novo review applies.  Lewis v. Mayle, 391 F.3d 989, 996 (9th Cir. 2004).

/////

3

"Clearly established" federal law is that determined by the Supreme Court. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law. Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

III.   Analysis

  A.   Ineffective Assistance of Counsel With Respect to Guilty Plea

In his first claim, titled ineffective assistance of counsel, petitioner incorporates a number of "sub-claims. For one, petitioner suggests his guilty plea was not voluntary because his trial counsel indicated to petitioner she would not try petitioner's case if he refused to plead guilty. Pet. at 5.[2] When petitioner pled guilty, he personally told the judge he understood the circumstances of his plea and described what he was pleading to. Id. at 55, 57. He confirmed to the judge that he had signed a form indicating he understood he had the right to have a jury trial on all charges pending against him and that by pleading guilty he was waiving that right. Id. at 57, 71. On the form, he also indicated he was pleading guilty "freely and voluntarily." Id. at 71.[3] Generally speaking, a guilty plea cannot be challenged if the plea was entered voluntarily and intelligently. United States v. Cortez, 973 F.2d 764, 766 (9th Cir. 1992). Moreover, there is a presumption that statements made during guilty plea proceedings are truthful. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Petitioner fails to point to anything explaining the inconsistency

---

[2] References to page numbers in petitioner's habeas petition are to those assigned by the court's electronic docketing system.

[3] Also, before sentencing, petitioner's counsel represented that defendant had considered withdrawal of his plea but decided against it. Pet. at 65.

4

of his current claim of involuntariness with statements he made in open court at the time he pled guilty. Nothing in the record overcomes the presumption identified in Blackledge.

Petitioner also asserts his trial counsel failed to conduct an adequate investigation in two respects: 1) counsel failed to ascertain the dollar amount of the groceries in the cart petitioner took from Safeway; and 2) counsel failed to investigate petitioner's mental state at the time of the crimes charged. Petitioner claims that if counsel had investigated the dollar amount of the groceries involved, counsel would have learned the dollar amount was less than $400. Had counsel investigated petitioner's mental state at the time of the crimes charged, petitioner believes counsel would have learned petitioner was under the influence of methamphetamine and was delusional. Pet. at 4. Petitioner does not allege he would have gone to trial, but rather suggests he would have been able to plead guilty to a lesser offense or been offered a diversion program. Id. at 4-5. With respect to this argument, petitioner's plea would be rendered involuntary if he could show that 1) the advice he was given by his attorney was outside the range of competence demanded by an attorney in a criminal case, and 2) were it not for counsel's incompetence, petitioner would not have pled guilty. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985) (adapting the familiar ineffectiveness of counsel analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984), to the plea context). Petitioner has not shown how counsel's awareness of the facts petitioner alleges here would have caused petitioner to reject the plea agreement he was offered and go to trial. He is not entitled to relief on this aspect of his first claim.

To the extent petitioner asserts he should have been charged with petty theft rather than robbery because he abandoned the groceries he had taken from Safeway less than ten feet from the front of the store, the Supreme Court has held those who have pled guilty with the advice of counsel may not assert claims concerning the deprivation of rights arising prior to the entry of the guilty plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Under Tollet, any attack on the charge pursued by the prosecutor is waived.

/////

5

For these reasons, petitioner is not entitled to habeas relief on any aspect of his first claim.

### B. Length of Sentence

In his second claim, petitioner challenges the length of his sentence. He asserts he should have been given a shorter sentence because there were no aggravating factors warranting the maximum sentence for robbery of five years. He also suggests only a jury could find the aggravating factors necessary for the imposition of the maximum sentence. However, by pleading guilty to robbery and agreeing to the imposition of a five year prison sentence, petitioner admitted all facts necessary for the imposition of that sentence. See United States v. Bundy, 392 F.3d 641, 642 (4th Cir. 2004). Petitioner's claim here as well must fail.

For the foregoing reasons, the court will deny petitioner's application for writ of habeas corpus.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is denied; and

2. This case is closed.

DATED: January 25, 2010.

_____
U.S. MAGISTRATE JUDGE

1/sobe0657.157